IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GEORGE and CHERYL HILL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| BUSH BROTHERS & COMPANY, ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CV-237 |
| ) | (PHILLIPS/GUYTON) |
| SWIFT TRANSPORTATION ) | |
| COMPANY, INC., *et al*., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 15] of the Honorable Thomas W. Phillips, United States District Judge, for a report and recommendation on the plaintiffs' Motion to Determine Allocation and Apportionment of Attorneys' Fees Relative to Worker's Compensation Subrogation Recovery. [Doc. 10] For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiffs George and Cheryl Hill be awarded **$14,078.32** in attorney's fees as to the subrogation recovery.

**I.     Procedural History**

On May 23, 2006, plaintiff George M. Hill ("Mr. Hill"), an employee of intervening plaintiff Bush Brothers & Company ("Bush Brothers"), was injured in the course of his employment when a tractor trailer struck plaintiff, who was on foot assisting the trailer in backing up to a cargo bay. [Doc. 1] The tractor trailer was owned by defendant Swift Transportation Company, Inc., and

allegedly driven by defendant Enrique Jimenez. [Id.] On May 22, 2007, plaintiffs George and Cheryl Hill ("the Hills") filed suit in the Circuit Court for Jefferson County, Tennessee, alleging negligence on the part of the defendants. [Id.] On June 14, 2007, the defendants removed the matter to this Court. [Id.]

On August 6, 2007, Bush Brothers moved to intervene, alleging that it had paid worker's compensation benefits to Mr. Hill and that intervention was necessary in order to protect its subrogation interest in any recovery the Hills might obtain. [Doc. 6] On September 4, 2007, Bush Brothers' motion to intervene was granted [Doc. 8], and Bush Brothers' Intervenor Complaint followed. [Doc. 9] Subsequently, the parties resolved the underlying dispute with the defendants, but were unable to reach agreement as to the allocation of attorneys' fees as to the portion of the recovery dedicated to the subrogation interest. [Doc. 10] The instant motion followed, asking the Court to allocate attorneys' fees pursuant to Tennessee law.

## II. Jurisprudence Governing Fee Allocation

As this matter involves an employer's subrogation interest on worker's compensation benefits, Tennessee's worker's compensation law governs the dispute at issue. Specifically, Tennessee law provides that:

> In the event of a recovery from the other person by the worker, or those to whom the worker's right of action survives, by judgment, settlement or otherwise, the attorney representing the injured worker, or those to whom the injured worker's right of action survives, and effecting the recovery, shall be entitled to a reasonable fee for the attorney's services, and the attorney shall have a first lien for the fees against the recovery; provided, that if the employer has engaged other counsel to represent the employer in effecting recovery against the other person, then a court of competent jurisdiction shall, upon application, apportion the reasonable fee between the attorney for the worker and the attorney for the employer, in proportion to the services rendered.

2

Tenn. Code. Ann § 50-6-112(b). The Tennessee Supreme Court, in addressing the allocation of attorney's fees in such a case, held as follows:

> Since both the employer and the employee have the right to recover against a third party tortfeasor, each has the right to be represented by its own counsel on such terms as the party and its lawyer shall agree. The employer may engage the employee's lawyer to represent its interest also, on such terms as they, with the consent of the employee, shall agree. Even if the employer is not represented by separate counsel, the employee's lawyer is obligated to protect the employer's interest. In that event, the employee's lawyer shall be entitled to reasonable compensation for services rendered to the employee and the employer. The lawyer shall be compensated according to the terms of the employment contract between the lawyer and the employee, provided the trial court shall find that fee agreement to be reasonable. A contingent fee agreement between the employee and his lawyer will apply to the entire recovery, and the attorney's fee will reduce the employer's portion of the recovery by a pro rata amount. The lawyers who prosecute the tort action are entitled to receive a reasonable fee based on services rendered. Any dispute regarding the amount and apportionment of attorney fees shall be resolved by the trial court.
>
> Prior decisions inconsistent with this decision are overruled.

Summers v. Command Systems, Inc., 867 S.W.2d 312, 315-16 (Tenn. 1993).

More recently, the Tennessee Court of Appeals held, in a situation such as this, where there is a dispute as to how attorney's fees stemming form a worker's compensation subrogation interest should be apportioned, that "the role of the Court is to apportion the fee produced in accordance with the efforts expended by counsel in producing the funds generating the fee." Sircy v. Wilson, No. M2007-01589-COA-R3-CV, 2008 Tenn. App. LEXIS 668 at *11 (Tenn. Court App. Nov. 5, 2008). Thus, under Tennessee law, the Court must look to the work performed by the relevant individuals which resulted in the award at issue and allocate the contingent attorney's fee based upon the percentage of fee-producing work performed. The award at issue is the recovery on the third party

3

tort claim against the defendants, and the corresponding portion of that recovery to be paid to Bush Brothers in satisfaction of their worker's compensation subrogation interest. Thus, the Court looks to the work performed by counsel for the plaintiffs and counsel for the intervening plaintiff to determine how to allocate the fee at issue.

To the extent that Bush Brothers argues that once the employer intervenes, counsel for the employee should expect to receive no attorney's fees from the subrogation interest portion of any recovery, Tennessee law explicitly disagrees, as set forth above. The Court finds the <u>Sircy</u> case particularly helpful in this matter, as <u>Sircy</u> also involved a case where both the employee and the employer retained separate counsel, and the court was required to allocate the fee in proportion to the work performed by each party. <u>Sircy</u>, 2008 Tenn. App. LEXIS 668 at *5.

## III. Allocation of the Fee

The amount of Bush Brother's subrogation interest in this matter is equal to $56,313.28. Plaintiff's counsel seeks, pursuant to the fee agreement with the Hills, an attorney's fee equal to one-third of the subrogation interest, which results in a requested fee of $18,771.09. During the hearing, the parties agreed that this matter was resolved through mediation prior to trial, and prior to the taking of any depositions. Nor was there any significant motion practice in this matter. However, the plaintiff has presented proof as to work performed in securing the recovery in this case, consisting primarily of time spent gathering Mr. Hill's medical records, but also including time spent filing the suit, in preparing and responding to settlement negotiations, and time spent in mediation. [Doc. 16]

Having reviewed the records provided, and having considered the filings in this matter, as well as the arguments of counsel, the Court finds that the efforts of plaintiffs' counsel are partially

4

responsible for securing the subrogation interest, and thus plaintiffs' counsel should receive a fee proportionate to his efforts in securing that recovery. After considering the evidence of record, the Court finds that the work of plaintiffs' counsel was responsible for seventy-five percent of the recovery of the subrogation claim, and that the work of intervening plaintiff's counsel was responsible for twenty-five percent of the recovery of the subrogation claim. Given the work by plaintiffs' counsel in bringing the claim, in obtaining the evidence necessary to support the claim, and in participating in settlement negotiations, the Court finds that an allocation of 75/25 adequately and reasonably compensates plaintiffs' counsel for his efforts in obtaining the recovery at issue. Accordingly, the Court **RECOMMENDS** that the plaintiffs receive 75% of the requested fee award, resulting in an award for plaintiffs' counsel of $14,078.32, and leaving $42,234.96 of the settlement to satisfy Bush Brother's subrogation interest.

## IV. Conclusion

For the foregoing reasons, it is **RECOMMENDED**[1] that the plaintiffs' motion for attorney's fees [Doc. 10] be **GRANTED**, and that the plaintiffs be awarded a fee of $14,078.32 as to the Bush Brothers' subrogation interest, leaving $42,234.96 of the settlement to satisfy the subrogation interest.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).